IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, Plaintiff, v. TOUCAN SIGNS, INC., an Illinois corporation. Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No.: 19-cv-6862 |

## COMPLAINT

Plaintiff, by and through its attorneys, DONALD D. SCHWARTZ , JAMES R. ANDERSON, BRIAN C. JAMES and ARNOLD AND KADJAN LLP, complains against the Defendant **TOUCAN SIGNS, INC.,** as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs' Fund is administered here in this judicial district.

### The Parties

3. The Plaintiffs, Trustees of the Chicago Painters and Decorators Welfare Fund ("the Fund"), has standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

1

4. The Fund has been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), including Local 830.

5. The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Welfare Fund.

6. Since on or about June 10, 2009, Defendant, **TOUCAN SIGNS, INC.** ("**TOUCAN**"), an Illinois corporation has executed successive collective bargaining agreements with affiliated Locals of the Painters' District Council No. 14, including Local 830. A copy of the collective bargaining agreement is attached as "**EXHIBIT 1**."

## The Agreements

7. **TOUCAN** has adopted, affirmed and ratified the terms of the Trust Agreement by submitting and paying contributions via remittance reports. **TOUCAN** is required to make periodic contributions to the Fund for each employee employed during that month. In the event that contributions are not paid on a timely basis, the Trust Agreement provides that the employer must pay liquidated damages as follows: (1) ten percent (10%) of the delinquent contributions for the first month that contributions are late in a calendar year; and fifteen percent (15%) of the delinquent contributions for each successive month in the same calendar year.

8. Under the terms of the collective bargaining agreements and Trust Agreement to which it is bound, **TOUCAN** is required to submit all necessary books and records to Plaintiff's

auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Fund. In addition, the Labor Agreement requires **TOUCAN** to pay penalties assessed by the Trustees and the Trust Agreement requires **TOUCAN** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Fund in the collection process.

## The Claim

9. **TOUCAN** has breached the provisions of the collective bargaining agreements and Trust Agreements by failing to submit its books and records for a fringe benefit fund **contribution compliance for the period beginning September 1, 2013 through the present.** **TOUCAN** has also breached the provisions of the collective bargaining agreements and Trust Agreement by failing to pay at least $6,900.00 in liquidated damages owed on reports, subject to increase pending an audit.

10. Pursuant to the provisions of the Labor Agreement and/or Trust Agreement, **TOUCAN** is required to pay liquidated damages, auditor fees and attorneys' fees and court costs incurred by the Fund in the collection process.

11. Plaintiff has been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **TOUCAN.**

12. **TOUCAN** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiff pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(c), Plaintiff is entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii)     liquidated damages provided for under the Trust Agreement not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiff prays for relief as follows:

A.     That **TOUCAN** be ordered to produce its books and records for a fringe benefit fund contribution compliance audit for the period from September 1, 2013 through the present;

B.     That judgment be entered in favor of Plaintiff and against **TOUCAN** in the amount shown to be due under the audit;

C.     That Plaintiff be awarded its costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with all liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided in 29 U.S.C. Section 1132(g)(2)(D); and

D.     That this Court grant such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS WELFARE FUND,

By:   /s/ James R. Anderson
       One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive
Suite 600
Chicago, Illinois 60601
(312) 236-0415